UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

        EZRA BRIGHTMAN
                              Plaintiff

          v.                  Civil Case No.
                          **COMPLAINT**
                          Under the Civil Rights Act,
                          42 U.S.C. § 1983

NEW YORK CITY POLICE OFFICER ZUEL CLEMENT
(In an Individual Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER JOHN DOE
(In an Individual Capacity and In an Official Capacity)

THE CITY OF NEW YORK

                              Defendants

-------------------------------------------------------------------------

1. Now comes the Plaintiff Ezra Brightman, by and through her attorney, Lawrence P. LaBrew, of the Law Office of Lawrence LaBrew, complaining against the following Defendants: (1) The City of New York, (2) New York City Police Officer Zuel Clement (In an Individual Capacity and In an Official Capacity), and (3) New York City Police Officer John Doe (In an Individual Capacity and In an Official Capacity) alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, the Due Process Clause of the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because the City of New York is located in this District.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Ezra Brightman is a citizen of the United States residing in New York City, New York.

7. Defendant New York City Police Officer Zuel Clement is a Police Officer who, at the time of the incident, was employed at the 25th Precinct. Defendant Police Officer Zuel Clement is being sued individually and in an official capacity.

8. Defendant New York City Police Officer John Doe (fictitious name) is a police officer who, at the time of the incident, was employed at the 25th Precinct. Defendant Police Officer John Doe is being sued individually and in an official capacity.

9. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

## FACTS

10. Plaintiff states that after he was arrested – on or about 2 July 2011 – without probable cause in violation of the Fourth Amendment. The Plaintiff states that he had committed no crime or criminal offense. Plaintiff states that he was arrested and accused of a Robbery. Plaintiff denies ever committing the afore-mentioned crime. Plaintiff states that the criminal prosecution related to

the above-referenced arrest was dismissed on the merits on 5 April 2013. Plaintiff states that the Defendants conducted a reckless investigation, and that the Defendants withheld evidence and information which would have prevented an unconstitutional arrest and prosecution in that said evidence indicated that the Plaintiff had committed no crime.

## FEDERAL CLAIMS

### COUNT ONE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

11. Plaintiff re-alleges paragraphs 1 through 10 as though set forth in full here.

12. The Plaintiff states that he was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

13. The Plaintiff states that he was deprived of his liberty on 2 July 2011 when he was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime.

14. The Plaintiff states that he was arraigned and forced to come to Court on every court date regarding the afore-mentioned arrest, and that bail was set regarding the afore-mentioned arrest, and the Plaintiff was incarcerated within the New York City Department of Corrections.

15. The Plaintiff states that the criminal case against the Defendant was dismissed on 5 April 2013.

**WHEREFORE,** Plaintiff respectfully requests judgment against

Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred

thousand dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

16. Plaintiff re-alleges paragraphs 1 through 15 as though set forth in full here.

17. Plaintiff states that the Defendant New York City Police Zuel Clement denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Officer Zuel Clement "shocks the conscience".

18. The Plaintiff states the Defendant New York City Police Officer Zuel Clement conducted a reckless investigation.

19. Plaintiff states that Defendant Police Officer Clement's investigation did not adhere to clearly established New York City Police Department protocol regarding pre-arrest investigations where a police officer does not have an arrest warrant.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and

malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT THREE: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER CLEMENT

20. Plaintiff re-alleges paragraphs 1 through 19 as though set forth in full here.

21. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officers..

22. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter similar situations as outlined above.

23. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officer Clement to understand that witnesses have to be questioned in order to determine exactly what the witnesses may have seen – and which individuals present at a crime scene may have committed a criminal offense – before making an arrest.

24. Plaintiff states that the constitutional rights of New York City residents will be violated if New York City Police Officers start arresting some citizens – as opposed to other citizens – who are standing on a public street just because a crime may have been committed in the vicinity where citizen are standing on a public street.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred

thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

_____
Lawrence P. LaBrew, Esq. (LL4455)
Attorney for Plaintiff Ezra Brightman
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500
labrewlaw@gmail.com

Date:   4 April 2016
        New York, New York