UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___4/20/2017___

------------------------------------------------------------ X
                                                             :
EZRA BRIGHTMAN,                                              :
                                       Plaintiff,            :
                                                             :          16 Civ. 2507 (LGS)
                    -against-                                :
                                                             :          **OPINION AND ORDER**
NYC POLICE OFFICER ZUEL                                      :
CLEMENT, et al.,                                             :
                                       Defendants.           :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

     Plaintiff Ezra Brightman brings this action against Police Officer Zuel Clement, Police

Officer John Doe and the City of New York, asserting claims under 42 U.S.C. § 1983 for false

imprisonment, malicious prosecution, reckless investigation, prolonged detention and inadequate

training and supervision of police officers.  Defendants Clement and the City of New York

("Defendants") move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of

Civil Procedure 12(c).  For the following reasons, Defendants' motion is granted.

I.     **BACKGROUND**

     Except as otherwise noted, the following facts are based on Brightman's Amended

Complaint, and are accepted as true solely for the purpose of evaluating this motion.  *See*

*Mantena v. Johnson*, 809 F.3d 721, 727–28 (2d Cir. 2015).

     On July 2, 2011, Brightman was arrested by Clement for a robbery that allegedly

occurred at approximately 8:30 that evening.  The perpetrators of the robbery had their faces

completely covered, and witnesses initially stated that no robbery had occurred at all.  At the

time she arrested Brightman, Clement and another New York City police officer were aware that

no one had identified Brightman as a perpetrator of the crime.  In fact, Brightman had committed

no crime at all.

According to the Criminal Court Complaint against Brightman, of which the Court is entitled to take judicial notice, Brightman was arraigned on July 3, 2011, on charges of Robbery in the First Degree, Robbery in the Second Degree, Burglary in the Second Degree and Criminal Possession of a Weapon in the Fourth Degree. *See Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 60 (2d Cir. 2016) (at motion to dismiss stage, court may take judicial notice of documents that are publicly available and whose accuracy cannot reasonably be questioned); *In re WorldCom, Inc.*, 708 F.3d 327, 339 n.63 (2d Cir. 2013) (taking judicial notice of court records). Following his arraignment, on or about July 4, 2011, Brightman was remitted to the custody of the New York City Department of Corrections as a detainee. While he was detained in relation to his July 2, 2011, arrest, Brightman was injured after being attacked by other inmates.

According to the grand jury indictment against Brightman, of which the Court takes judicial notice, on July 8, 2011, the grand jury returned a true bill indicting Brightman on charges of Burglary in the First Degree and Robbery in the Second Degree. On April 5, 2013, the criminal prosecution against Brightman was dismissed on the merits.

## II.    STANDARD

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed -- but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions brought under Rule 12(c) are evaluated using the same standard as a motion to dismiss under Rule 12(b)(6). *See Mantena*, 809 F.3d at 727–28. "[T]he only facts to be considered are those alleged in the complaint, and the court must accept them, drawing all reasonable inferences in the plaintiff's favor, in deciding whether the complaint alleges sufficient facts to survive." *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016). To withstand dismissal, a pleading "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citation omitted).

## III.    DISCUSSION

### A.    False Imprisonment

The Amended Complaint first alleges that Plaintiff was falsely imprisoned by virtue of his July 2, 2011, arrest.  In New York, a claim for false imprisonment under 42 U.S.C. § 1983 must be brought within three years of the date on which a plaintiff was arraigned.  *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (Section 1983 claims filed in New York are subject to three-year statute of limitations); *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (statute of limitations on false imprisonment claim begins to run once alleged victim is arraigned or otherwise held pursuant to legal process).  As Plaintiff was arraigned on July 3, 2011, the statute of limitations for his false imprisonment claim expired in July 2014.  Plaintiff did not bring this action until April 2016, and did not assert the false imprisonment claim until September 2016. Even if the claim relates back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c)(1)(B) (relation back for "a claim . . . that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading"), the claim is untimely and therefore dismissed.

### B.    Malicious Prosecution

The Amended Complaint next alleges that Defendants maliciously prosecuted Plaintiff in violation of the Fourth Amendment.  To succeed on a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must demonstrate (1) "the commencement or continuation of a

criminal proceeding against [him]," (2) "the termination of the proceeding in [his] favor," (3) "that there was no probable cause for the proceeding," (4) "that the proceeding was instituted with malice," and (5) "a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016) (citations omitted). "The existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010) (citation omitted). A grand jury indictment creates a presumption of probable cause that can be rebutted only by evidence that the indictment was procured by "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith. *Id.* at 162 (internal quotation marks omitted).

Nothing in the Amended Complaint alleges facts that, if true, would show that the indictment against Plaintiff was procured by fraud, perjury, suppression of evidence or other police misconduct that was undertaken in bad faith. The indictment creates an unrebutted presumption of probable cause sufficient to defeat the malicious prosecution claim. The claim accordingly is dismissed.

### C.     Reckless Investigation

Third, the Amended Complaint alleges that Defendant Clement conducted a reckless pre-arrest investigation that violated Plaintiff's Fourteenth Amendment right to substantive due process. To establish a violation of substantive due process, a plaintiff must demonstrate that "the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Southerland v. City of New York*, 680 F.3d 127, 151 (2d Cir. 2012) (internal quotation marks omitted). The Amended Complaint fails to plead any facts that would establish a violation of substantive due process. The claim for reckless investigation is

4

consequently dismissed.

### D.    Prolonged Detention

The Amended Complaint further alleges that Plaintiff suffered an unreasonably prolonged detention in violation of the Fourteenth Amendment.  Plaintiff argues in opposition to the motion that the Amended Complaint meets the standard for a prolonged detention claim under the Fourth Amendment, rather than the Fourteenth Amendment.  Plaintiff then summarily argues that he meets the standard for a Fourteenth Amendment prolonged detention claim set forth in *Russo v. City of Bridgeport*, 479 F.3d 196 (2d Cir. 2007).  In *Russo*, the Second Circuit held that a plaintiff could sue individual defendants under the Fourth Amendment for allegedly mishandling exculpatory evidence that resulted in plaintiff's unreasonably prolonged detention if he established (1) "that he has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence," (2) "that the actions of the officers violated that right," and (3) "that the officers' conduct shocks the conscience." *Id.* at 205 (internal quotation omitted).  As the plaintiff's unreasonable detention claim is treated under the Fourth Amendment, the "shock the conscience requirement" is "understood as a crucial feature going to the unreasonableness of the seizure." *Id.* at 210.

Plaintiff cannot meet the standard for a prolonged detention claim under the Fourth Amendment.  *See id.* at 208 (prolonged detention claim properly brought under Fourth Amendment rather than Fourteenth Amendment).  The Amended Complaint does not allege facts that, if true, would show that law enforcement officials mishandled or suppressed exculpatory evidence, or that they engaged in conduct that would shock the conscience.  Plaintiff's prolonged detention claim is therefore dismissed.

### E.    Inadequate Training and Supervision of Police Officers

Lastly, the Amended Complaint alleges that Defendant City of New York provided inadequate training and supervision to Defendant Clement, and that with proper training or supervision, Defendant Clement would have understood that she needed to determine exactly what eyewitnesses to a crime may have seen prior to making an arrest.  In order to hold a municipality liable for a constitutional violation under 42 U.S.C. § 1983, a plaintiff must demonstrate that "the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality" and that "the municipality was the moving force behind the injury alleged" through the municipality's own deliberate conduct. *Jones ex rel. Jones v. Town of East Haven*, 691 F.3d 72, 80–81 (2d Cir. 2012) (citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978) and quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. Okla. v. Brown*, 520 U.S. 397, 404 (1997)); *accord Mitchell v. City of New York*, 841 F.3d 72, 80 (2d Cir. 2016).  Where a plaintiff alleges a *Monell* violation due to inadequate training, the plaintiff must allege facts sufficient to demonstrate that the failure to train led to an independent constitutional violation.  *See Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013).

As the Amended Complaint does not allege facts sufficient to support a finding of any constitutional violation by Defendant Clement, Plaintiff cannot impute a violation to the training or supervision policies of Defendant City of New York.  The Amended Complaint also fails to allege any facts sufficient to show that Defendant Clement acted under a deliberate policy enacted by the City of New York.  The *Monell* claim is thus also dismissed.

### F.    Doe Defendant

The claims against the Doe defendant are dismissed sua sponte as time barred because he has never been named as a defendant in a pleading.  All of Plaintiff's claims arise under § 1983,

for which the statute of limitations is three years. *See Hogan*, 738 F.3d at 517. The last possible accrual date for any of Plaintiff's claims is April 5, 2013, when the criminal case against him was dismissed. Even if Plaintiff were to amend the Amended Complaint now to name the Doe defendant, the claims against him would be untimely by more than a year. "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Sewell v. Bernardin*, 795 F.3d 337, 342 (2d Cir. 2015) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)).

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED. Any motion for leave to file a Second Amended Complaint shall be filed no later than May 3, 2017, shall append a copy of the proposed amended pleading and shall be governed by the Court's individual rules pertaining to motions, except that no pre-motion letter or conference is necessary.

The Clerk of Court is respectfully directed to close the motion at Docket No. 29.

Dated: April 20, 2017
New York, NY

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE