Lawrence P. LaBrew, Esq.
Law Office of Lawrence LaBrew
160 Broadway FL 6 Suite 600
New York, New York 10038
Tel:    (212) 385-7500
Fax:    (212) 385-7501
e-mail: labrewlaw@gmail.com
New York State Attorney Registration No. 3064896
Attorney for Plaintiff Ezra Brightman

## UNITED STATES DISTRICT COURT
### Southern District of New York

-------------------------------------------------------

EZRA BRIGHTMAN

                         Plaintiff

              v.

THE CITY OF NEW YORK

NEW YORK CITY POLICE OFFICER
ZUEL CLEMENT (In an Individual
Capacity and In an Official Capacity)

                       Defendants

-------------------------------------------------------

**PLAINTIFF EZRA BRIGHTMAN'S
SECOND AMENDED COMPLAINT**
Civil Case No. 16-CV-2507
(FED. R. CIV. P. 15(a)(2))

## SECOND AMENDMENT OF COMPLAINT

Pursuant to leave granted by an order of this Court on 20 April 2017, the Plaintiff files the following proposed second amended complaint pursuant to FED. R. CIV. P. 15(a)(2).

DATE:     3 May 2017
            New York, New York

                               Lawrence P. LaBrew, Esq.
                               Attorney for Plaintiff Ezra Brightman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------

EZRA BRIGHTMAN

Plaintiff

v.
Civil Case No.  16 CV 02507
**SECOND AMENDED COMPLAINT**
Under the Civil Rights Act,
42 U.S.C. § 1983

THE CITY OF NEW YORK

NEW YORK CITY POLICE OFFICER ZUEL CLEMENT
(In an Individual Capacity and In an Official Capacity)

Defendants

--------------------------------------------------------------------------------

1. Now comes the Plaintiff Ezra Brightman, by and through her attorney, Lawrence P. LaBrew, of

the Law Office of Lawrence LaBrew, complaining against the following Defendants: (1) The City

of New York, and (2) New York City Police Officer Zuel Clement (In an Individual Capacity and

In an Official Capacity) and alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth, Eighth,

and Fourteenth Amendments to the Constitution of the United States, an under the laws of the

United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§

1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because the City of New York is located in this District.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Ezra Brightman is a citizen of the United States residing in New York City, New York.

7. Defendant New York City Police Officer Zuel Clement is a Police Officer who, at the time of the incident, was employed at the 25th Precinct.  Defendant Police Officer Zuel Clement is being sued individually and in an official capacity.

8. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

9. Each of the Defendants, caused, and is legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

10. Plaintiffs is informed and believes and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint and that at all

times, each of the Defendants was acting within the course and scope of that relationship with the other Defendants.

11. In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state law at all relevant times.

12. Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant City of New York, and other supervisory officials of Defendant City of New York's Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning entries into the homes of individuals, failing to investigate and impose discipline on police officers who employ improper investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

13. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

FACTS

14.  Plaintiff states that upon information and belief, that being the New York County District Attorney's Office, that an alleged Robbery occurred on 2 July 2011 – at about 8:30 p.m. – at 62nd East 125th Street, and that the perpetrators of the alleged robbery had their faces completely covered.

15. Plaintiff states that, upon information and belief, that being the New York County District Attorney's Office, no one identified the Plaintiff as one of the perpetrators of the alleged robbery that was committed on 2 July 2011 at the above place and time.

16. Plaintiff states that Defendant New York City Police Officer was aware that Plaintiff was not identified as one of the alleged perpetrators of the alleged robbery.

17. Plaintiff states that Defendant New York City Police Officer was aware that witnesses originally stated that a robbery had not occurred.

18. Plaintiff was arrested by Defendant Zuel Clement on 2 July 2011, and Defendant Zuel Clement was aware of the fact that no one had identified the Plaintiff as one of the alleged perpetrators of the robbery that allegedly occurred on 2 July 2011 – at about 8:30 p.m. – at 62nd East 125th Street.

19. Plaintiff states that on or about 4 July 2011, Plaintiff suffered a deprivation of liberty – resulting from the governmental seizure by Defendant Zuel Clement – in the form of legal process, because the Plaintiff was arraigned in the Criminal Court of the City of New York, bail was set on the Plaintiff, and post-arraignment the Plaintiff was remitted to the custody of the New York City Department of Corrections as a detainee.

20. Plaintiff states that while he was detained at the New York City Department of Corrections – in relation to his 2 July 2011 arrest – he was injured when he was attacked by other inmates while being detained by the New York City Department of Corrections.

21. Plaintiff states that after he was arrested – on or about 2 July 2011 –  without probable cause in violation of the Fourth Amendment. The Plaintiff states that he had committed no crime or criminal offense. Plaintiff states that he was arrested and accused of a Robbery. Plaintiff denies

ever committing the afore-mentioned crime. Plaintiff states that the Defendants conducted a reckless investigation, and that the Defendants withheld evidence and information which would have prevented an unconstitutional arrest and prosecution in that said evidence indicated that the Plaintiff had committed no crime.

22. Plaintiff states that the grand jury returned an indictment against the Plaintiff on 8 July 2011.

23. Plaintiff states that, upon information and belief, that being the New York County District Attorney's Office, that after the Plaintiff was indicted by the grand jury on 8 July 2011, Defendant New York City Police Officers informed the New York County District Attorney's Office that no one identified the Plaintiff as being one of the individuals who was present when any alleged crime was committed. *See* Exhibit 1 (Letter from the New York County District Attorney dated 11 July 2011).

24. Plaintiff states that, upon information and belief, that being the New York County District Attorney's Office, that after the Plaintiff was indicted by the grand jury on 8 July 2011, Defendant New York City Police Officers informed the New York County District Attorney's Office, that individuals at the scene of the crime originally stated that no crime had been committed, and that after being threatened with an arrest, said individuals stated a crime occurred; however, Plaintiff was not identified as having been present, or having committed any crime. *See* Exhibit 2 (Letter from the New York County District Attorney dated 12 April 2012).

25. Upon information and belief, that being the Office of the Chief Medical Examiner of the City of New York, DNA evidence was recovered from the slide and spring of a handgun recovered from the crime scene. On 11 November 2011, the Office of the Chief Medical Examiner determined that the DNA recovered from the slide and spring of the afore-mentioned handgun, did

not match the Plaintiff's DNA. *See* Exhibit 3 (Laboratory Report).

26. Plaintiff states that the criminal prosecution related to the above-referenced arrest was dismissed on the merits on 5 April 2013.

FEDERAL CLAIMS

COUNT ONE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

27. Plaintiff re-alleges paragraphs 1 through 26 as though set forth in full here.

28. The Plaintiff states that he was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

29. The Plaintiff states that he was deprived of his liberty on 2 July 2011 when he was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime.

30. The Plaintiff states that he was arraigned and forced to come to Court on every court date regarding the afore-mentioned arrest, and that bail was set regarding the afore-mentioned arrest, and the Plaintiff was incarcerated within the New York City Department of Corrections.

31. The Plaintiff states that the criminal case against the Plaintiff was dismissed on the merits on 5 April 2013.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (3,000,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (1,000,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a

repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

### COUNT TWO: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

32. Plaintiff re-alleges paragraphs 1 through 31 as though set forth in full here.

33. Plaintiff states that the Defendant New York City Police Zuel Clement denied the Plaintiff

substantive due process, and that the reckless conduct of the New York City Police Officer Zuel

Clement "shocks the conscience".

34. The Plaintiff states the Defendant New York City Police Officer Zuel Clement conducted a

reckless investigation.

35. Plaintiff states that Defendant Police Officer Clement's investigation did not adhere to clearly

established New York City Police Department protocol regarding pre-arrest investigations where

a police officer does not have an arrest warrant.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (3,000,000.00) hundred

thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (1,000,000.00) hundred

thousand dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and

malicious conduct and that said award of punitive damages will serve as an example to prevent a

repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT THREE: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER CLEMENT

36. Plaintiff re-alleges paragraphs 1 through 35 as though set forth in full here.

37. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officer.

38. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will have to make an arrest when there is an allegation that a criminal offense has been committed, and that the person arrested is the person who has committed the criminal offense.

39. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officer Clement to understand that witnesses have to be questioned in order to determine exactly what the witnesses may have seen – and which individuals present at a crime scene may have committed a criminal offense – before making an arrest.

40. Plaintiff states that the constitutional rights of New York City residents will be violated if New York City Police Officers start arresting some citizens – as opposed to other citizens –  who are standing on a public street just because a crime may have been committed in the vicinity where citizen are standing on a public street.

41. Plaintiff states that Defendant Police Officer was not properly trained in that proper training would ensure that Police Officers will not arrest individuals who have not been identified as having committed any crime.

42. Plaintiff states that Defendant City of New York sends its Police Officers out to make arrests, therefore, the Defendant City failed to train Defendant Police Officer regarding the constitutional limitations that prohibit Police Officer from making an arrest. Plaintiff states that this need for training is so obvious that the failure to train violated Plaintiff's constitutional rights.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (3,000,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (1,000,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COURT FOUR: UNREASONABLY PROLONGED DETENTION IN VIOLATION OF THE FOURTEENTH AMENDMENT

43. Plaintiff re-alleges paragraphs 1 through 42 as though set forth in full here.

44. Plaintiff states that he had a right to be free from continued detention because the Defendant Police Officers knew that the Plaintiff had not been identified as a perpetrators in the alleged robbery.

45. Plaintiff states that the Plaintiff should have been released from custody, or detention, because the Defendants were informed that he was not identified as a perpetrator in the alleged robbery.

46. Plaintiff states that the actions of the Defendant denied the Plaintiff his fundamental liberty interest in freedom.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (3,000,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (1,000,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Lawrence P. LaBrew, Esq. (LL4455)
Attorney for Plaintiff Ezra Brightman
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500
labrewlaw@gmail.com

# EXHIBIT 1

**DISTRICT ATTORNEY**
OF THE
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

July 11, 2011

LAWRENCE LABREW
110 Wall Street
11th Floor
New York, NY 10005

Re: <u>People</u> v. <u>EZRA BRIGHTMAN</u>
Docket No. 2011NY049092

Dear Mr. LABREW:

I am the Assistant District Attorney in charge of the prosecution of the above referenced case. I am writing in response to your voicemail from the afternoon of Friday, July 8, 2011, in which you asked for information regarding the arrests of individuals who were present inside the incident location at the time of the incident for which your client is currently charged with.

Approximately an hour and forty-five minutes after your client was arrested, police officers placed four individuals who were present inside of the 62 East 125th Street, Apartment 1C, under arrest. The officers observed a crackpipe on a table in the apartment and recovered a second crackpipe from one of those individuals. The following morning, all four individuals, along with your client, were transported to the District Attorney's Office.

Interviews were conducted with three of the four above-mentioned individuals. They indicated that they had been inside of 62 East 125th Street, Apartment 1C, when the incident occurred. All three stated that they were not able to see the faces of any of the perpetrators, who were all wearing bandanas obscuring their faces. None of these three individuals identified your client as being one of the perpetrators. The fourth individual, from whom a crackpipe was recovered, requested an attorney and was not interviewed.

Please direct all future correspondence in writing.  My mailing address is One Hogan Place, Trial Bureau 30, New York, NY 10013 and I can be reached via email at: teipele@dany.nyc.gov.

Sincerely,

Eve Teipel
Assistant District Attorney
212 335-9136

CC:   Honorable Justice Lewis Bart Stone
      Part 31, Supreme Court of the State of New York

# EXHIBIT 2

# DISTRICT ATTORNEY
OF THE
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

**VIA FAX: 212-943-2300** */212-385-7500 /07*

April 12, 2012

LAWRENCE LABREW
110 Wall Street
11th Floor
New York, NY 10005

Re: People v. EZRA BRIGHTMAN
Ind No. 03488/2011

Dear Mr. LABREW:

I am the Assistant District Attorney in charge of the prosecution of the above referenced case. As disclosed previously, four individuals were arrested inside of 62 East 125th Street approximately an hour and forty-five minutes after your client was arrested. Here are their names, NYSIDs, dates of birth and last known contact information (including phone number, if available):

1. Rosaura (Rosie) Ramos



2. Teddy Sales



3. Johnny King

Mr. King has indicated to the District Attorney's Office that he currently resides in the Atlanta, Georgia area

4.  Abdul Farrah*



\* Mr. Farrah is the fourth individual mentioned in my letter dated July 11, 2011, who requested an attorney and did was not interviewed in ECAB on July 3, 2011.

The People have also intended to call all four of the above witnesses at trial. The People are in contact with Mr. King, and have been attempting to locate the remaining three individuals. We plan to put on Mr. King at trial on the People's direct case and if we are able to locate the other three individuals, we also intend to call them to testify on the People's direct case. Mr. Farrah is the fourth individual mentioned in my letter dated July 11, 2011, who requested an attorney and did was not interviewed in ECAB on July 3, 2011.

Furthermore, upon speaking with a witness (Lt. MacKenzie from the 25th Precinct), our Office learned today that when Police Officers initially responded to the location at 62 East 125th Street, Apt 1C, the four individuals listed above all initially said that nothing had occurred and when asked directly if there had been a robbery, they denied any such incident had occurred.   When the Lieutenant indicated that all four individuals would be placed under arrest, at that time Mr. King stated in sum and substance that there had been a home invasion in which males came in wearing bandanas and displaying guns and that money had been taken.

Please note that the People intend to concede the defendant's release tomorrow pursuant to 30.30 release and we will be asking for an adjournment, which will also allow you time to attempt to reach the above individuals to speak with them before trial.

Sincerely,

Eve Teipel
Assistant District Attorney
212 335-9136

CC:   Honorable Justice Lewis Bart Stone
Part 31, Supreme Court of the State of New York

# EXHIBIT 3



## OFFICE OF CHIEF MEDICAL EXAMINER
520 FIRST AVE. NEW YORK, NEW YORK 10016

### Department of Forensic Biology
421 East 26th Street, New York, New York 10016
**Mechthild Prinz, PhD, Director**
Telephone: 212 323 1200  Fax: 212 323 1590
Email: mprinz@ocme.nyc.gov
Official Website: http://www.nyc.gov



## Certification of Forensic Biology File as a Business Record

I, ____Nahin Jalil____, have been delegated to certify records by Charles S. Hirsch, M.D., Chief Medical Examiner of the New York City Office of Chief Medical Examiner according to Rule 4518 of the New York Civil Practice Law and Rules.

The Office of Chief Medical Examiner is a governmental office organized under §557 of the New York City Charter and Sections 17-201 through 17-206 of the New York City Administrative Code.

All records contained in the Office of Chief Medical Examiner Department of Forensic Biology case file number: _____FB11-S1291_____, or specific page numbers: _____N/A_____, or described as: _____ were prepared by the Office of Chief Medical Examiner in the regular course of business within the Department of Forensic Biology. It is the regular course of business of the Office of Chief Medical Examiner Department of Forensic Biology to prepare the records attached to this certification.

I have examined the original records maintained by the Department of Forensic Biology concerning case file number: _____FB11-S1291_____, or specific page numbers: ___N/A_____, or described as: _____

I have compared the copies of these records to the originals, and I attest that the records attached to this certification are a true and accurate copy of the originals records maintained by the Office of Chief Medical Examiner Department of Forensic Biology.

On this ___17th___ day of _____January_____, 2012, I affixed the official seal of the Office of Chief Medical Examiner to certify these copies as genuine and as business records of the Office of Chief Medical Examiner Department of Forensic Biology.

_____
**Signature of Name of Certifier**

[Seal of the Office of Chief Medical Examiner]

Effective 6-01-10
This document may not be modified without the express approval of the OCME Legal Department



**OFFICE OF CHIEF MEDICAL EXAMINER**
520 First Avenue, New York, New York 10016



**DEPARTMENT OF FORENSIC BIOLOGY**
421 East 26th Street, New York, New York 10016
Mechthild Prinz, PhD, Director
Telephone: 212.323.1200   Fax: 212.323.1590
Email: dnalab@ocme.nyc.gov
Official Website: http://www.nyc.gov/ocme

**DATE:** November 30, 2011

### LABORATORY REPORT

---

**SUSPECT:** Ezra Brightman          **NYSID NO:** 02969714Y      **LAB NO:** FB11-S1291

**COMPLAINT NO:** 2011-025-04067      **ARREST NO:** M11658665   **START DATE:** 10/11/2011

---

**RESULTS AND CONCLUSIONS:**

PCR DNA typing using the AmpFℓSTR® Identifiler® PCR Amplification Kit was done on the oral swab from Ezra Brightman. A DNA profile was determined.

This profile was compared to the results in the following case:

| FB number | Complaint Number | Complainant | Report date |
|-----------|------------------|-------------|-------------|
| FB11-04092 | 2011-025-04067 |  | July 28, 2011 |

Ezra Brightman **is not** the source of the DNA from Male Donor A in the sample listed below:

    swab from "the slide and spring of firearm" (major contributor)

The DNA mixture found on **swab from "the slide and spring of firearm" is 540 times more probable** if the sample originated from three unknown, unrelated persons rather than if it originated from Ezra Brightman and two unknown, unrelated persons. **Therefore, there is strong support that three unknown, unrelated persons contributed to this mixture, rather than Ezra Brightman and two unknown, unrelated persons.**

**The DNA profile of Ezra Brightman does not match any PCR (STR) DNA profiles in the local OCME database to date.**

**The DNA profile of Ezra Brightman is suitable for entry into the OCME local DNA databank.**

No comparisons can be made to other samples in FB11-04092.

FB11-S1291                                                                Ezra Brightman

**EVIDENCE RECEIVED:**

| ITEM | VOUCHER | DATE RECEIVED | DESCRIPTION |
|------|---------|---------------|-------------|
| 1 | 1000077362 | 10/04/2011 | oral swab from Ezra Brightman |

**DISPOSITION:**

The following items will be retained in the laboratory:

    DNA extracts from samples and controls tested

The remainder of the evidence will be returned to the OCME Evidence Unit.

Analyst: _N. Yanoff_
        Natalya Yanoff
        Criminalist III

**Administrative Review Date:** _1/6/12_

**Administrative Reviewer:** _CM_

2 of 4